IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**ROBERT BRANDON LANGLEY**                                             **PLAINTIFF**

**VS.**                                        **CASE NO. 5:09V00372 JMM/HDY**

**COREY R. JACKSON,** *et al.*                                          **DEFENDANTS**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District

>  Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.
> 
> 3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, an inmate currently in the custody of the Arkansas Department of Correction ("ADC"), alleges in his complaint that defendant Corey R. Jackson, an ADC employee, applied excessive force during plaintiff's arrest on April 2, 2008. Specifically, the plaintiff alleges that the defendant intentionally hit him with his gun and shot him in the neck. It is conceded that the plaintiff was shot in the neck, though the defendant denies intentionally doing so.

Defendant Jackson moves to dismiss the complaint, urging that the case is barred by the doctrines of *res judicata* and collateral estoppel. *See* Docket entry nos. 17 & 18.

### I. Analysis

In his complaint and an addendum (docket entries nos. 2 & 3), Mr. Langley sets forth his allegations against defendant Jackson. Mr. Langley also describes his efforts to recover damages

before the Arkansas Claims Commission.[1] The documents provided by the plaintiff demonstrate that the Arkansas Claims Commission, on March 13, 2009, unanimously denied his claim for personal injury, pain and suffering, due to his "failure to prove by a preponderance of the evidence any liability on the part of the Respondent." (Docket entry no. 2, page 21). A review of the allegations contained in the complaint and the addendum shows that the plaintiff advances the same facts in this case as alleged in the Arkansas Claims Commission proceeding.

We find that the principles of res judicata bar Mr. Langley from bringing this action in federal court. The Arkansas Claims Commission was acting in a judicial capacity when it resolved the issues of fact presented by Mr. Langley, and Mr. Langley had the opportunity to litigate his claims there. A claim is precluded by res judicata if: (1) the initial suit resulted in final judgment on the merits; (2) the initial suit was based on proper jurisdiction; (3) both suits involve the same parties or those in privity to them[2]; and (4) both suits are based upon the same claims or causes of action. *In re Anderberg-Lund Printing Co.*, 109 F.3d 1343 (8th Cir. 1997). Here, we find the claim advanced before the Arkansas Claims Commission was based on proper jurisdiction and proceeded to final judgment on the merits. The facts are essentially identical, and this case amounts to an attempt to re-litigate the same claim addressed by the Arkansas Claims Commission. As a result, we recommend that the motion to dismiss be granted because the claim is precluded by his prior state case. *See Williams v. Campbell*, 163 F.3d 404 (8th Cir. 1998).

---

[1] Mr. Langley states that defendant Jackson testified at the March 13, 2009, hearing before the Arkansas Claims Commission. (Docket entry no. 2, page 20).

[2] The respondent in the Arkansas Claims Commission proceeding was the Arkansas Department of Corrections rather than Jackson, individually, because Arkansas law provides the Claims Commission with jurisdiction over "all claims against the State of Arkansas and its several agencies . . ." Ark. Code Ann. § 19-10-204(a).

Based upon the foregoing, we recommend that the motion to dismiss be granted, and that the Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __6__ day of May, 2010.

_____
UNITED STATES MAGISTRATE JUDGE